

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Jefferson Co,*

Honorable R. W. Easterling
County Attorney, Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-2602
Re: Constitutionality of H. B.
1061, Acts 1939, 46th Leg.,
R. S., P. 511, Ch. 6.

This will acknowledge receipt of your letter of August 19, 1940, requesting the opinion of this department as to the constitutionality of H. B. 1061, Acts 1939, 46th Legislature, Regular Session, Page 511, Chapter 6, relating to payments by candidates for state representative to the County Executive Committee in certain counties.

House Bill 1061, reads, in part, as follows:

"Section 1. That from and after the effective date of this Act, in all counties in this State having a population of not less than one hundred and thirty-three thousand, three hundred and ninety-one (133,391) and not more than one hundred and fifty thousand (150,000), and in all counties in this State having a population of not less than fifteen thousand, one hundred and forty-nine (15,149), and not more than fifteen thousand, five hundred and twenty-five (15,525), according to the last preceding Federal Census, no person who is a candidate in a primary election of such counties for nomination for State Representative, shall have his or her name placed on the primary ballot to be voted on at any election unless and until he or she has paid to the County Executive Committee of the political party, whose nomination he or she seeks, the sum of One Hundred Dollars ($100); provided, however, that where said counties are a part of a Flotorial Representative District, the Flotorial Representative

Honorable E. W. Easterling, page 2

in such counties shall not have his or her name
placed on the official ballot for Flotorial Repre-
sentative unless and until he or she shall have paid
to the Chairman of the County Executive Committee of
the political party, whose nomination he or she seeks,
the sum of Fifty Dollars ($50.), in each of said
counties."

Section 56 of Article 3 of the Constitution of Texas,
provides, in part:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass any
local or special law, authorizing: * * *

"And in all other cases where a general
law can be made applicable, no local or special law
shall be enacted; provided, that nothing herein con-
tained shall be construed to prohibit the Legislature
from passing special laws for the preservation of the
game and fish of this State in certain localities."

In Opinion No. 0-2447, a copy of which is enclosed, this
department held that an almost identical statute, Article 3116e,
Vernon's Annotated Civil Statutes, applying to counties within
the population brackets 43,000-43,100, 60,000-60,100, and 98,000-
99,000, was null and void, being repugnant to Section 56 of Arti-
cle 3 of the Constitution of Texas.

For precisely the same reason we believe that H. B. 1061
is unconstitutional. At the time payments were made to the
County Executive Committee the "last preceding Federal census"
was that of 1930. According to such census the only counties
falling within the population brackets described in H. B. 1061
were Jefferson and Orange Counties, Texas, which had populations
of 133,391 and 15,149 inhabitants, respectively. Candidates for
the same office from El Paso County with a population of 131,597
were required to pay only one dollar. Candidates from Atascosa
County with 15,684, Lee County with 15,721, Bosque County with
15,760, Gregg County with 15,778, and Wheeler County with 15,555,
were likewise required to pay only one dollar. Just why candidates
for election to the Legislature in Jefferson and Orange Counties
should be required to pay $50.00 to the County Executive Committee
and candidates for the same office residing in counties of great-
er and less population in the same population strata should be
required to pay only one dollar is apparent neither from the bill
nor any valid reason we can conceive.

Honorable E. W. Easterling, page 3

For the reasons stated and under the authorities set forth in Opinion No. O-2447, we hold, and you are respectfully advised that H. B. 1061, Acts 1939, 46th Leg., P. 311, Ch. 6, is unconstitutional, being repugnant to Section 56 of Article 3 of the Constitution of Texas.

Very truly yours

APPROVED AUG 22, 1940

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

James D. Smullen
Assistant

JDS:EP

ENCLOSURE

